## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Robert E. Collins et al.

v.

Andrew J. Asch, Jr., et al.

March 28, 1967

By JUDGE A. CHRISTIAN COMPTON

You will find enclosed a copy of the order entered today overruling the demurrer and which sets the time for further responsive pleadings to be filed.

The defendants argue that the plaintiffs have misjoined causes of action in tort and contract in the same declaration. The Court finds that the motion for judgment sets out, as the plaintiffs contend, only an action *ex delicto* for damages arising out of an alleged breach of duty by the defendants. Even though the foundation of the action arose out of privity of contract between the parties, the plaintiffs have a right to elect whether they will proceed in tort or assumpsit and here they have elected the former. *Wright* v. *Everett*, 197 Va. 608, 615 (1956); *Ferrill* v. *Brewis' Admr*, 66 Va. (25 Gratt.) 765 (1875). An action *ex contractu* is not asserted and (as the plaintiffs stated in oral argument) none was intended, therefore no misjoinder has taken place, even assuming that it would not be proper to join the two causes of action in the same declaration.

The defendants further urge that even if the allegations support a cause of action in tort, exemplary or punitive damages are not allowed here for breach of contract. This motion for judgment alleges "wilful, deliberate and malicious acts." While it is generally held that

punitive damages are not allowed for breach of contract even though the action is not in assumpsit but in tort, the allegations in this case bring it within the exception to the rule which allows recovery of exemplary damages "upon proper allegations of malice, wantonness or oppression, as, for example, in actions for breach of marriage contracts." *Wright* v. *Everett*, *supra*, p. 615. The defendants, of course, admit as true on demurrer all averments of material facts sufficiently pleaded, and the Court feels that here the allegations are sufficient to support a claim for such damages.

Finally, the defendants assert that the motion for judgment is incomplete because in paragraph 6 thereof the plaintiffs fail to allege that the "agents and employees" were acting within the scope of their employment at the time the acts complained of were committed. The Court finds that the alleged agency here is sufficiently pleaded. 1A M.J. *Agency*, Section 110, page 525, ftn. 9, and cases cited therein. The defendants also assert that the plaintiffs have failed to allege that the wrongful acts were committed with the knowledge of all of the defendant partners or that such acts were authorized or ratified by them. The Court further finds that such allegations have been sufficiently made here, because the plaintiffs assert that "the defendant" committed the acts and the opening paragraph of the motion for judgment, after naming the partners, states that they are "hereinafter referred to as the defendant."